## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MICHAEL BAXTER, on behalf of himself and those similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.  3:24-cv-02816 |
| DALLAS CAPITAL GROUP, LLC d/b/a POKEWORKS, ALI GHANDOUR, and HOUSAM FAWAL | § § § § | |
| Defendants. | § § § | |

### CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

1.    Plaintiff Michael Baxter ("Plaintiff"), on behalf of himself and those similarly situated, brings this case to recover unpaid wages under the Fair Labor Standards Act (the "FLSA") stemming from Defendants' tip theft.

2.    Defendants Dallas Capital Group, LLC, ("Dallas Capital"), Ali Ghandour ("Mr. Ghandour"), and Housam Fawal ("Mr. Fawal") own and operate several Hawaiian-inspired poke restaurants known as "Pokeworks" in and around Addison, Texas.

3.    Defendants adopted an employment policy that applies to all employees of Pokeworks, to retain or misappropriate the tips received by employees ("Tip Policy").  The Tip Policy results in a violation of the federal wage and hour laws under 29 U.S.C. § 201, et seq., the Fair Labor Standards Act (the "FSLA").

4.    Plaintiff, on behalf of himself and all similarly situated individuals, brings this action under 29 U.S.C. § 201, *et seq*. seeking appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly situated individuals by unlawfully retaining received tips as required by the FLSA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

7.      The relevant time period is defined as the maximum statute of limitations allowable under the FLSA.

## PARTIES

**Plaintiff Michael Baxter**

8.      Plaintiff Michael Baxter ("Plaintiff") resides in Richardson, Texas. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA. Plaintiff has given written consent to join this action, a copy of which is attached to the Class Action Complaint.

**Defendant Dallas Capital Group, LLC d/b/a Pokeworks**

9.       Defendant Dallas Capital Group, LLC d/b/a Pokeworks is a Texas limited liability company with its principal place of business in and around Addison, Texas.  Defendant may be served with process on its registered agent, Stephenson Fournier, PLLC, 3355 W. Alabama Street, Suite 640, Houston, Texas 77098-1794.

10.      Defendant Dallas Capital Group, LLC (hereinafter, "Pokeworks") owns and operates locations of the restaurant franchise "Pokeworks," in Addison, Texas and the surrounding Dallas-Metro area.

11.      Pokeworks is owned, and/or operated by Defendant's Ali Ghandour ("Ghandour") and Housam Fawal ("Fawal"). Ghandour may be personally served with process at 777 Preston Street, Apt. 16D, Houston, Texas 77002-1692, or wherever he may be found.  Fawal

may be personally served with process at 4604 Winter Park Drive, Richardson, Texas 75082-3855, or wherever he may be found.

12.     At all relevant times, Pokeworks had and continues to have direct or indirect control over the terms and conditions of Plaintiff's work and the work of similarly situated employees, and has shared or co-determined those matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees at Defendant's restaurant. Pokeworks is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

13.     At all relevant times, Pokeworks possessed the authority to control the terms and conditions of Plaintiff's employment and the employment of similarly situated employees, and has exercised that authority.

14.     Pokeworks has the authority to and does maintain control, oversight, and direction over Plaintiffs and similarly situated employees, including hiring, disciplining, and firing employees; timekeeping, payroll, reimbursements, pay rates, and deductions; maintaining employee records; and other practices.

15.     Pokeworks has substantial control over Plaintiff and similarly situated employees' working conditions and over unlawful policies and practices as alleged herein.

16.     Pokeworks applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures related to payment of tips earned.

17.     Pokeworks has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

18.     Pokeworks' gross revenue exceeds $500,000.00 per year.

**Defendant Housam Fawal**

19.     Housam Fawal ("Fawal") is the President of Pokeworks, and through Pokeworks owns and operates locations of the franchise restaurant Pokeworks in Addison, Texas and in the Dallas-Metro area.  Fawal is involved in the operation of Pokeworks and supervised and directed the employment of Plaintiff and similarly situated employees.

20.     Fawal is individually liable under the definition of "employer" set forth in the FLSA because he owns and operates Pokeworks franchises, serves as a member of Pokeworks franchises, and ultimately controls significant aspects of entity's day-to-day functions, and ultimately controls compensation of employees. 29 U.S.C. § 203(d).

21.     At all relevant times, by virtue of his role as President of Pokeworks and Pokeworks franchises, Fawal has had financial control over the operations at Pokeworks. Fawal has a role in significant aspects of Pokeworks day-to-day operations, including Pokeworks' pay policies.

22.     At all relevant times, by virtue of his role as President of Dallas Capital Group and Pokeworks franchises, Fawal has had power over personnel and payroll decisions at Pokeworks including, but not limited to, influence over Plaintiff's and similarly situated employees' rate of pay.

23.     At all relevant times, by virtue of his role as President of Pokeworks, Fawal has had the power to hire, fire, and discipline employees, including Plaintiff and similarly situated employees.

24.     At all relevant times, by virtue of his role as President of Pokeworks, Fawal has had the power to transfer the assets and liabilities of Pokeworks; to  declare bankruptcy on behalf of Pokeworks; to enter contracts on behalf of Pokeworks; and to  close, shut down, and/or sell

4

Pokeworks.

25.     At all relevant times, by virtue of his role as President of Pokeworks, Fawal has authority over the overall direction of Pokeworks and was ultimately responsible for their operations.

26.     Pokeworks functions for Housam Fawal's profit and Fawal has influence over how Pokeworks can run more profitably.

27.     Ali Ghandour ("Ghandour") is the Vice President of Pokeworks, and through Pokeworks owns and operates locations of the franchise restaurant "Pokeworks" in Addison Texas and the Dallas-Metro area.  Ghandour is involved in the operation of Pokeworks and supervised and directed the employment of Plaintiff and similarly situated employees.

28.     Ghandour is individually liable under the definition of "employer" set forth in the FLSA because he owns and operates Pokeworks franchises, serves as a member of Pokeworks franchises, and ultimately controls significant aspects of entity's day-to-day functions, and ultimately controls compensation of employees. 29 U.S.C. § 203(d).

29.     At all relevant times, by virtue of his role as Vice President of Pokeworks and owner of Pokeworks franchises, Ghandour has had financial control over the operations at Pokeworks. Ghandour has a role in significant aspects of Pokeworks day-to-day operations, including Pokeworks' pay policies.

30.     At all relevant times, by virtue of his role as Vice President of Pokeworks and Pokeworks franchises, Ghandour has had power over personnel and payroll decisions at Pokeworks including, but not limited to, influence over Plaintiff's and similarly situated employees' rate of pay.

31.     At all relevant times, by virtue of his role as Vice President of Pokeworks,

Ghandour has had the power to hire, fire, and discipline employees, including Plaintiff and similarly situated employees.

32.    At all relevant times, by virtue of his role as Vice President of Pokeworks, Ghandour has had the power to transfer the assets and liabilities of Pokeworks; to declare bankruptcy on behalf of Pokeworks; to enter contracts on behalf of Pokeworks; and to close, shut down, and/or sell Pokeworks.

33.    At all relevant times, by virtue of his role as Vice President of Pokeworks, Ghandour has authority over the overall direction of Pokeworks and was ultimately responsible for their operations.

34.    Pokeworks functions for Ali Ghandour's profit and Ghandour has influence over how Pokeworks can run more profitably.

35.    At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has a role in significant aspects of Pokeworks day-to-day operations.

36.    At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has had control over Pokeworks' pay policies.

37.    At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has had power over personnel and payroll decisions at Pokeworks including, but not limited to, influence over Plaintiff's and similarly situated employees' rate of pay.

38.    At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has had the power to hire, fire, and

discipline employees, including Plaintiff and similarly situated employees.

39.     At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has had the power to transfer the assets and liabilities of Pokeworks.

40.     At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has had the power to declare bankruptcy on behalf of Pokeworks.

41.     At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has had the power to enter contracts on behalf of Pokeworks.

42.     At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has had the power to close, shut down, and/or sell Pokeworks.

43.     At all relevant times, by virtue of his role as Vice President of Dallas Capital Group and owner of Pokeworks franchises, Ali Ghandour has authority over the overall direction of Pokeworks and was ultimately responsible for their operations.

44.     Pokeworks functions for Ali Ghandour's profit.

45.     Ali Ghandour has influence over how Pokeworks can run more profitably.

**Defendants Wrongfully Withheld Plaintiff's and Class Members' Tips**

46.     Plaintiff and Class Members worked for Defendants at their Pokeworks franchise stores by preparing food items and serving customers.

47.     When customers purchased products from Defendants, customers had the opportunity to leave a tip intended for Plaintiff and Class Members.

48.     Plaintiff and Class Members were entitled to these tips under 29 U.S.C. § 203(m)(2)(B) of the Fair Labor Standards Act.

49.     Despite Plaintiff's and Class Members' clear entitlement to these tips, Defendant wrongfully withheld these tips and used them for their own purposes.

50.     As a result of Defendants' wrongful retention of tips, Plaintiff and Class Members were harmed because they were deprived of tips they earned.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiff brings the First Counts under 29 U.S.C. 216(b) on behalf of himself and a collective consisting of:

> All current and former tipped workers employed by Defendants from the date of filing the complaint in this matter and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

52.     At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully retaining employee tips. Plaintiff's claims are essentially the same as those of the FLSA Collective.

53.     Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

54.     Defendants are aware or should have been aware that federal law prohibited them from retaining employee tips.

55.     Defendants are aware or should have been aware that the federal law prohibited them from requiring Plaintiff and the FLSA Collective to share tips with employees who are not engaged in customer service, including the restaurant itself.

56.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

57.     The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

58.     The FLSA Collective members are readily identifiable and ascertainable.

59.     For the purpose of notice and other purposes related to this action, the FLSA Collective members' names, addresses, email addresses, and phone numbers are readily available from Defendants' records.

60.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

### Class Action Allegations

61.     Plaintiff brings the Second Count under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former tipped workers employed by Defendants from the date of the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Unjust Enrichment Class").

62.     Excluded from the Rule 23 Unjust Enrichment Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Unjust Enrichment Class.

63.     The number and identity of the Rule 23 Unjust Enrichment Class members are ascertainable from Defendants' records.

64.    The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Rule 23 Unjust Enrichment Class member and the benefits conferred by the Rule 23 Unjust Enrichment Class members and realized by Defendants are determinable from Defendants' records.

65.    For the purpose of notice and other purposes related to this action, the Rule 23 Unjust Enrichment Class members' names and contact information are readily available from Defendants.

66.    The Rule 23 Unjust Enrichment Class members are so numerous that joinder of all members is impracticable.

67.    The disposition of the Rule 23 Unjust Enrichment Class members' claims as a class will benefit the parties and the Court.

68.    Upon information and belief, there are more than 40 Rule 23 Unjust Enrichment Class members.

69.    Plaintiff's claims are typical of those claims which could be alleged by any class member in the Rule 23 Unjust Enrichment Class, and the relief sought is typical of the relief which would be sought by a Rule 23 Unjust Enrichment Class member in separate actions

70.    Plaintiff and the Rule 23 Unjust Enrichment Class members have unjustly enriched Defendants in the same way—by having their tips wrongfully withheld.

71.    Plaintiff and the Rule 23 Unjust Enrichment Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

72.    By seeking to represent the interests of the Rule 23 Unjust Enrichment Class members, Plaintiff is exercising and intends to exercise his right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

73.    Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Unjust Enrichment Class and has no interests antagonistic to the Rule 23 Unjust Enrichment Class.

74.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

75.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Unjust Enrichment Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Unjust Enrichment Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Unjust Enrichment Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Unjust Enrichment Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if

appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

76.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

77.     Common questions of law and fact exist as to the Rule 23 Unjust Enrichment Class that predominate over any questions only affecting Plaintiff and the Rule 23 Unjust Enrichment Class members individually and include, but are not limited to:

   a. Whether Plaintiff and the Rule 23 Class members were subject to a common tip theft policy;

   b. Whether Defendants properly reimbursed Plaintiff and the Rule 23 Unjust Enrichment Class members;

   c. Whether Plaintiff and the Rule 23 Unjust Enrichment Class conferred a benefit on Defendants that Defendants were aware of;

   d. Whether Defendants accepted the benefits conferred on them by Plaintiff and the Rule 23 Unjust Enrichment Class;

   e. Whether it would be unjust for Defendants to retain the benefit conferred on them by Plaintiff and the Rule 23 Unjust Enrichment Class without compensating for it; and

   f. The nature and extent of class-wide injury and the measure of damages for those injuries.

78.     In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Unjust Enrichment Class, Plaintiff will request payment of service award upon resolution of this action.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGE – TIP THEFT
### (FAIR LABOR STANDARDS ACT 29 U.S.C. § 201, *et seq*.)
### (On Behalf of Plaintiff and the FLSA Collective)

79.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

80.     Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

81.     Defendants violated the FLSA by retaining tips received by Plaintiff and the FLSA Collective.

82.     Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with the restaurant itself.

83.     Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with non-tipped employees.

84.     By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

85.     Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay tips as required by law.

86.     As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**COUNT II**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Rule 23 Class)**

87.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

88.     Plaintiff and the Rule 23 Class have conferred a benefit upon Defendants.

89.     For example, Defendants retained the tipped workers' tips from all times relevant

to the present, and have retained all of the tipped workers' tips for their own purposes since November 5, 2022.

90.    Defendants retained tips intended for Plaintiff and the Rule 23 Class.

91.    Defendants also obtained other benefits as a result of Plaintiff and the Rule 23 Class working under Defendants' compensation policy.

92.    Defendants knew that Plaintiff and the Rule 23 Class conferred that benefit on Defendants.

93.    As described above, Defendants received benefits as a result of retaining tips provided by customers to Plaintiff and the Rule 23 Class.

94.    Defendants did not compensate Plaintiff and the Rule 23 Class for these benefits or under-compensated Plaintiff and the Rule 23 Class for these benefits.

95.    Accordingly, Defendants' retention of these benefits under the circumstances would be unjust.

96.    As a result of Defendant's having been unjustly enriched, Plaintiff and the Rule 23 Class are entitled to compensation for the value of the benefit Plaintiff and the Rule 23 Class conferred on Defendants.

**WHEREFORE**, Plaintiff Michael Baxter prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.    Unlawfully retained tips, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.       An award of prejudgment and post-judgment interest.

D.       An award of costs and expenses of this action, together with reasonable attorneys'

fees and expert fees.

E.       Such other legal and equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all

issues herein triable to a jury.

Respectfully submitted,

Dated: November 7, 2024.          */s/ Bruce W. Steckler*
Bruce W. Steckler
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Suite 1045
Dallas, TX 75230
Telephone: (972) 387-4040
bruce@swclaw.com

Philip J. Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
pkrzeski@chestnutcambronne.com

Joseph M. Lyon*
Kevin M. Cox*
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com
kcox@thelyonfirm.com

*Counsel for Plaintiff and the putative class*